UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN D. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-02590-TWP-MPB |
| | ) | |
| B. WEDDLE, | ) | |
| | ) | |
| Defendant. | ) | |

**Order Screening Complaint and Directing Further Proceedings**

Plaintiff John D. Smith is a prisoner currently incarcerated at Pendleton Correctional Facility. He filed this 42 U.S.C. § 1983 civil action alleging violations of his constitutional rights. Mr. Smith's motion to screen, dkt. [8], is **granted** to the extent consistent with this Order.

**I. Screening Standard**

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. The Complaint

In his complaint, Mr. Smith complaint alleges that Officer B. Weddle handcuffed him, beat him repeatedly, fractured his right eye socket, and left him in a dry cell for hours without seeking any medical attention for him. *See* dkt. 2 at 2-3. When Mr. Smith was seen by a doctor seven days later, he was determined to have suffered a fractured right eye socket and a concussion, and he was transported to St. Vincent Hospital for a CT scan. *Id*. at 3. Mr. Smith also alleges that Officer Weddle filed a false conduct report against him stating that Mr. Smith lunged at Officer Weddle, for which Mr. Smith was sanctioned with 180 days in a segregation unit. *Id*. at 4. Mr. Smith is seeking compensatory and punitive damages.

## III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

Any claims pertaining to Mr. Smith's allegation that Officer Weddle falsified a conduct report must be dismissed because they are barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). If a suit for damages would necessarily imply the invalidity of a prisoner's disciplinary conviction, he may not bring the damages claim "'unless and until the inmate obtains favorable termination of a state, or federal habeas, challenge to his conviction or sentence.'" *Haywood v. Hathaway*, 842 F.3d 1026, 1029 (7th Cir. 2016) (quoting *Nelson v. Campbell*, 541 U.S. 637, 646 (2004); applying *Heck*). A favorable decision on the claim alleged in Mr. Smith's complaint—that is, a finding that

he was wrongfully sanctioned for lunging at Officer Weddle—would necessarily call into question the validity of his underlying disciplinary proceeding and sanction.

The following claims shall proceed against Officer Weddle: (1) Eighth Amendment excessive force claim; and (2) Eighth Amendment deliberate indifference claim to Mr. Smith's serious medical needs.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through April 1, 2022,** in which to identify those claims.

### IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to the defendant in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt [2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The **clerk is directed** to serve the Indiana Department of Correction employee Officer B. Weddle electronically.

**IT IS SO ORDERED.**

Date: 3/7/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Electronic service to Indiana Department of Correction:

      Officer B. Weddle (Pendleton Correctional Facility)

JOHN D. SMITH
974253
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only